DLD-252                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1517
_____

JEVON D. GREEN,
                              Appellant

v.

STATE OF NEW JERSEY; MAYWOOD POLICE DEPARTMENT;
MAYWOOD MUNICIPAL COURT;
OFFICER MATTHEW PARODI; OFFICER KEVIN MADDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-04733 )
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  August 27, 2012)
_____

OPINION
_____

PER CURIAM

Jevon Green appeals an order of the United States District Court for the District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, we will summarily vacate and remand for further proceedings.

In July 2008, while driving in New Jersey, Green was stopped by Maywood police officers. Apparently, an altercation arose during the traffic stop and Green was charged with assaulting two police officers. Green was later convicted in Superior Court, Bergen County, of charges stemming from the incident.

In August 2011, Green filed a pro se complaint in the District Court against the State of New Jersey, the Maywood Police Department, the Maywood Municipal Court, and Officers Matthew Parodi and Kevin Madden. He also filed a motion for leave to proceed in forma pauperis and requested that counsel be appointed. In Green's complaint, he listed the following causes of action: "assault, mistaken identity, illegal incarceration, illegal towing of motor vehicle, violation of civil rights and housing discrimination."[1] As relief, Green sought, inter alia, compensation for expenses that he incurred in connection with the incident.

The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C.

---

[1] The District Court noted that it was not "convinced" that it had jurisdiction over the complaint, but that it appeared Green's claims of "violation of civil rights" and "housing discrimination" arose under Federal law.

§ 1915(e)(2)(B) for the following reasons: (1) Green failed to state "sufficient factual matter" to show that any potential claims are facially plausible, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and (2) under § 1915(e)(2)(B)(iii), claims for monetary relief against defendants who are immune from suit are subject to dismissal.[2] This appeal followed.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons discussed below, we will summarily vacate the District Court's order and remand for further proceedings. See 3d Cir. LAR. 27.4; I.O.P. 10.6.

We agree with the District Court that, as drafted, the complaint fails to state a claim on which relief may be granted. To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8]'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

---

[2] The District Court did not specify which of the defendants are immune from suit.

[3] While the appeal was pending, the District Court denied Green's timely motion for reconsideration of its order. However, as Green never filed an amended notice of appeal, the issue of reconsideration is not before this Court. Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

Green's complaint fails to satisfy these standards. Iqbal, 556 U.S. at 678. Nevertheless, prior to dismissing a pro se complaint under § 1915(e), a District Court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

The District Court neither informed Green that he could amend his complaint, nor did it determine that any amendment would be inequitable or futile. On the current record, we cannot exclude the possibility that Green, who is litigating his case pro se, might plead additional facts in an amended complaint that will state a claim for relief.

Thus, while we express no view as to whether Green will ultimately plead any meritorious claims, we conclude that the District Court erred in dismissing the complaint without providing Green leave to amend. Accordingly, we will summarily vacate the District Court's order dismissing the case with prejudice and remand for further proceedings consistent with this opinion. Green's request for appointment of counsel on appeal is denied as moot.

4